```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
DUJUAN A. FAVORS,                  :
                                   :
        Plaintiff,                 :   Civ. No. 16-1940 (NLH)
                                   :
   v.                              :   OPINION
                                   :
STATE OF NEW JERSEY, et al.,       :
                                   :
        Defendants.                :
_____:

APPEARANCES:
Dujuan A. Favors
412 B South White Horse Pike
Lindenwold, NJ 08021
     Plaintiff Pro se

HILLMAN, District Judge

   Plaintiff Dujuan Favors filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1), and submitted an application to proceed in forma pauperis (ECF No. 1-1). The Court finds Plaintiff's in forma pauperis application to be complete pursuant to 28 U.S.C. § 1915, and grants Plaintiff leave to proceed without prepayment of fees.

   At this time the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B).

1

For the reasons set forth below, the Complaint will be dismissed for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

In his Complaint, Plaintiff alleges the following:

> The State of New Jersey/Camden County Detention Center/local authorities denied me the right to test the legality of the Texas detainer; issued a Governer's [sic] warrant based upon known false statements by the State of Texas in concert with the Camden County Sheriff's Office. Texas provided known false statements by probation officials, [and] conspired with New Jersey to effectuate an interstate kidnapping in violation of [the] UCEA.

(Compl. 2, ECF No. 1).

Plaintiff brings claims alleging denial of due process, violations of unspecified constitutional rights, as well as various tort claims such as kidnapping and conspiracy. He seeks relief in the amount of five million dollars.

## II. STANDARDS OF REVIEW

A. <u>Sua Sponte Dismissal</u>

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding <u>in forma pauperis</u>, <u>see</u> 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, <u>see</u> 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to <u>sua sponte</u> dismiss any claim that is

frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding in forma pauperis and is seeking relief from government employees.

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... .  Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Fair Wind Sailing, Inc. v. Dempster</u>, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" <u>Connelly v. Lane Const. Corp.</u>, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting <u>Iqbal</u>, 556 U.S. at 679); <u>see also</u> <u>Bistrian v. Levi</u>, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).  Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678 (citations omitted).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in <u>Thomaston v. Meyer</u>, 519 F.

App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

Finally, in determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

  B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### III.  DISCUSSION

A. Statute of Limitations

A complaint pursuant to § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)); see also Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L.Ed.2d 254 (1985); Green v. New Jersey, 625 F. App'x 73, 76 (3d Cir. 2015).  In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. See Dique, 603 F.3d at 185; see also N.J. STAT. ANN. § 2A:14-2.  Accordingly, Plaintiff's claims are subject to this two-year period.

"While state law governs the applicable statute of limitations, federal law controls when a § 1983 claim accrues." Green, 625 F. App'x at 76 (citing Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L.Ed.2d 973 (2007)).  Accrual occurs, and the statute of limitations begins to run, as soon as a

plaintiff has a complete cause of action. See Wallace, 549 U.S. at 388. Here, Plaintiff certifies that the events giving rise to his claims occurred on February 13, 2011 and March 23, 2011, approximately. (Compl. 3, ECF No. 1). Therefore, the statute of limitations period began to run, at the latest, on March 23, 2011. However, Plaintiff's Complaint is dated April 7, 2016 — more than five years after the date Plaintiff's claims accrued. Therefore, it is time-barred as beyond the two-year statute of limitations, and will be dismissed. See Ostuni v. Wa-Wa's Mart, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citations omitted).

   B. Amended Complaint

This Court notes that the instant Complaint is essentially a reiteration — and to a large extent a duplicate — of a complaint Plaintiff filed before this Court in 2011 in Case No. 11-2750. See Complaint, Favors v. State of N.J., 11-2750 (NLH) (D.N.J. filed May 13, 2011), ECF No. 1. In that case, this Court denied Plaintiff in forma pauperis status due to his failure to comply with the requirements 28 U.S.C. § 1915(a)(2);

namely, Plaintiff did not submit a certified copy of the prison trust fund account statement for the six month period immediately preceding the filing of the complaint. See Order, Favors v. State of N.J., 11-2750 (NLH) (D.N.J. May 20, 2011), ECF No. 2.  The May 20, 2011 Order further informed Plaintiff that he could have the matter reopened if, within 30 days after entry of the order, he either pre-paid the $350 filing fee or filed a complete in forma pauperis application.  Plaintiff failed to fulfill either requirement and, instead, filed the instant new Complaint — which fails to reference his previous filing — and a new in forma pauperis application.

Had Plaintiff paid the filing fee or submitted an in forma pauperis application within the 30 day time frame provided, his previous case, Case No. 11-2750, would have been reopened pursuant to this Court's May 20, 2011 Order, and Plaintiff's claims would not have been subject to a statute of limitations bar, assuming the original complaint was timely. See Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988); see also Dasilva v. Sheriff's Dep't, 413 F. App'x 498, 502 (3d Cir. 2011) (citing Urrutia v. Harrisburg Cty. Police Dep't, 91 F.3d 451, 457 n.8 (3d Cir. 1996)) (holding that the statute of limitations is met when a complaint is "submitted" to the clerk before the statute runs; formal filing of the complaint relates back to the date of submission); McDowell v. Delaware State

Police, 88 F.3d 188, 191 (3d Cir. 1996) (same).  However, Plaintiff waited nearly five years before taking action.

This Court finds that the approximately five-year delay in the filing of these documents is unreasonable; and will not serve to reopen the original case, Case No. 11-2750, pursuant to this Court's May 20, 2011 Order. See, e.g., Lawson v. Hoisington, No. 11-171, 2014 WL 3627230, at *6 n.4 (E.D. Pa. July 22, 2014) (suggesting that an unreasonable delay in curing a defect in an in forma pauperis motion precludes tolling of the statute of limitations); Scary v. Philadelphia Gas Works, 202 F.R.D. 148, 152 (E.D. Pa. 2001) (collecting cases) (holding that a seventeen-month delay in paying the fee was unreasonable).

C. Equitable Tolling

This Court further finds that Plaintiff is not entitled to equitable tolling on the facts and procedural posture currently before us.  As an initial matter, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances . . . ." Wallace, 549 U.S. at 396.  "It is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Omar v. Blackman, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting Santos ex rel.

Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)). Further, "[t]o obtain the benefit of equitable tolling, a party also must show that 'she exercised due diligence in pursuing and preserving her claim.'" Id. (quoting Santos, 559 F.3d at 197); see also Vasquez v. Batiste, No. 14-4366, 2015 WL 6687549, at *3 (D.N.J. Oct. 30, 2015).

Here, Plaintiff has provided no justification or explanation for the nearly five-year delay.  Therefore, there is no basis to apply the rare exception of equitable tolling. See, e.g., Santos v. Gainey, 417 F. App'x 109, 111 (3d Cir. 2010) (holding that because plaintiff did not explain why he waited almost two years before initiating the process in a prison for completing the in forma pauperis application, federal equitable tolling should not apply to him).

## IV.  CONCLUSION

For the foregoing reasons, the Complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.  However, this dismissal will be without prejudice to Plaintiff presenting an argument in favor of equitable tolling. See Dasilva, 413 F. App'x at 502. Therefore, Plaintiff shall be given leave to file, within 45 days, an application to re-open accompanied by a submission

which addresses, in writing, the issue of equitable tolling.[1] See Denton, 504 U.S. at 34; Grayson, 293 F.3d at 108.

An appropriate Order will be entered.

                                         __s/ Noel L. Hillman_____
                                         NOEL L. HILLMAN
                                         United States District Judge

Dated: May 9, 2016

At Camden, New Jersey

---

[1] To the extent he intends to file a proposed amended complaint with this writing, Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.