```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
DUJUAN A. FAVORS,                   :
                                    :
         Plaintiff,                 :   Civ. No. 16-1940 (NLH)
                                    :
    v.                              :   OPINION
                                    :
STATE OF NEW JERSEY, et al.,        :
                                    :
         Defendants.                :
_____:

APPEARANCES:

Dujuan A. Favors
412 B South White Horse Pike
Lindenwold, NJ 08021
     Plaintiff Pro se


HILLMAN, District Judge

    Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1).  This case was previously dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. (ECF No. 3).  Plaintiff was given leave to file, within 45 days, an application to re-open accompanied by a submission which addressed, in writing, the issue of equitable tolling.  In response, Plaintiff submitted a letter dated June 7, 2016 (ECF No. 4) requesting "a review" of this Court's May 9, 2016 Opinion and Order (ECF Nos.

2 & 3), and the matter was reopened for review by a judicial officer.[1]  For the reasons set forth below, the Court determines that no action is required at this time, and the case will be reclosed.

I.   BACKGROUND

The factual and procedural background of this case is set forth in the Court's May 9, 2016 Opinion (ECF No. 2) and need not be repeated in detail here.  In relevant part, as part of the Court's sua sponte screening, the Court noted that the events which gave rise to Plaintiff's claims occurred on February 13, 2011 and March 23, 2011, approximately. (Compl. 3, ECF No. 1).  Plaintiff's Complaint, however, was dated April 7, 2016 — more than five years after the date Plaintiff's claims accrued.  Therefore, this Court concluded that the claims were time-barred as beyond the two-year statute of limitations in New Jersey, and the Complaint was dismissed. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citations omitted)

---

[1] This Court does not construe this letter as a motion for reconsideration pursuant to Rule 59(e) or Rule 60(b).  As an initial matter, the letter is not styled as a motion.  Moreover, although it seeks "review" of the Court's May 9, 2016 Order, it does not set forth any basis for said review, or any grounds upon which reconsideration would be warranted. See FED. R. CIV. P. 59, 60.  As set forth above, the Court construes the submission as a response to the Court's invitation to submit materials in support of equitable tolling.

(holding that in New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions); N.J. STAT. ANN. § 2A:14-2; see also Ostuni v. Wa-Wa's Mart, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citations omitted).

The May 9, 2016 Opinion further noted that Plaintiff's Complaint was essentially a reiteration — and to a large extent a duplicate — of a complaint Plaintiff filed before this Court in 2011 in Case No. 11-2750 (the "2011 Case"). See Complaint, Favors v. State of N.J., 11-2750 (NLH) (D.N.J. filed May 13, 2011), ECF No. 1.  In that case, this Court denied Plaintiff in forma pauperis status due to his failure to comply with the requirements of 28 U.S.C. § 1915(a)(2) and granting him 30 days to reopen the matter by either pre-paying the filing fee, or by submitting a complete in forma pauperis application. See Order, Favors v. State of N.J., 11-2750 (NLH) (D.N.J. May 20, 2011), ECF No. 2.  Plaintiff did neither and, instead, waited nearly five years before filing the Complaint in the instant case, which did not reference the 2011 Case.

Accordingly, this Court found that the approximately five-year delay in the filing a complete in forma pauperis application was unreasonable; and did not serve to reopen the 2011 Case, pursuant to this Court's May 20, 2011 Order. See, e.g., Lawson v. Hoisington, No. 11-171, 2014 WL 3627230, at *6 n.4 (E.D. Pa. July 22, 2014) (suggesting that an unreasonable delay in curing a defect in an in forma pauperis motion precludes tolling of the statute of limitations); Scary v. Philadelphia Gas Works, 202 F.R.D. 148, 152 (E.D. Pa. 2001) (collecting cases) (holding that a seventeen-month delay in paying the fee was unreasonable).

Finally, this Court's May 9, 2016 Opinion noted that Plaintiff had not pled a basis for equitable tolling because he did not provide any justification or explanation for the nearly five-year delay. See, e.g., Santos v. Gainey, 417 F. App'x 109, 111 (3d Cir. 2010) (holding that because plaintiff did not explain why he waited almost two years before initiating the process in a prison for completing the in forma pauperis application, federal equitable tolling should not apply to him).

Nevertheless, this Court's dismissal of Plaintiff's Complaint was without prejudice to Plaintiff presenting an argument in favor of equitable tolling.  Plaintiff was given leave to file, within 45 days, an application to re-open

4

accompanied by a submission which addressed, in writing, the issue of equitable tolling.

## II.  DISCUSSION

In response to the Court's dismissal of his case, Plaintiff submitted a letter dated June 7, 2016 (ECF No. 4), which states the following:

> I am requesting a review of your recent decision to dismiss my case without prejudice (attached).  The basis of this application is that I was suffering from POST TRAUMATIC STRESS DISORDER after leaving the military.  I would like the opportunity to submit to the court medical evidence of my incapacity to proceed in this matter.

(Letter, June 7, 2016, ECF No. 4).

This letter fails to address any equitable tolling issues. As previously explained to Plaintiff, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances . . . ." Wallace, 549 U.S. at 396.  "It is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Omar v. Blackman, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)). Further, "[t]o obtain the benefit of equitable tolling, a party

5

also must show that 'she exercised due diligence in pursuing and preserving her claim.'" Id. (quoting Santos, 559 F.3d at 197); see also Vasquez v. Batiste, No. 14-4366, 2015 WL 6687549, at *3 (D.N.J. Oct. 30, 2015).

To the extent Plaintiff means to argue that he is entitled to equitable tolling because he has been diagnosed with post traumatic stress disorder, this bald assertion, without more, is insufficient to trigger equitable tolling. The Court notes that Plaintiff requested the "opportunity to submit to the court medical evidence." (Letter, June 7, 2016, ECF No. 4). However, if relevant, such evidence could have been, and should have been, submitted to the Court along with Plaintiff's arguments in favor of equitable tolling. To be clear, in order for equitable tolling to apply in this case, Plaintiff must explain the unusual circumstances which caused his nearly five-year delay in filing a complete in forma pauperis application as required by the terms of this Court's May 20, 2011 Order. See Order, Favors v. State of N.J., 11-2750 (NLH) (D.N.J. May 20, 2011), ECF No. 2. Because Plaintiff's June 7, 2016 letter (ECF No. 4) does not provide any such explanation, the case will be reclosed.

6

III. <u>CONCLUSION</u>

For the foregoing reasons, Clerk of the Court will be directed to reclose this case.

An appropriate Order will be entered.

<pre>                              __s/ Noel L. Hillman_____
                              NOEL L. HILLMAN
                              United States District Judge</pre>

Dated: July 7, 2016

At Camden, New Jersey