```
                       UNITED STATES DISTRICT COURT
                          DISTRICT OF NEW JERSEY
_____
                                    :
DUJUAN A. FAVORS,                   :
                                    :
         Plaintiff,                 : Civ. No. 16-1940 (NLH) (JS)
                                    :
    v.                              :    OPINION
                                    :
STATE OF NEW JERSEY, et al.,        :
                                    :
         Defendants.                :
_____:
```

APPEARANCES:

Dujuan A. Favors
498 N. 35th Street
Camden, NJ 01805

    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Dujuan Favors moves for reconsideration of this Court's order that dismissed his complaint under 42 U.S.C. § 1983 on July 8, 2016. ECF No. 7. For the reasons that follow, the motion for reconsideration will be denied.

I. BACKGROUND

Plaintiff filed a complaint on April 7, 2016 alleging that a denial of due process, violations of unspecified constitutional rights, and various tort claims such as kidnapping and conspiracy. ECF No. 1. The Court screened the complaint under 28 U.S.C. § 1915 and concluded that the events which gave rise to Plaintiff's claims occurred on approximately

February 13, 2011 and March 23, 2011.  ECF No. 2 at 7.
Therefore, this Court concluded that the claims were time-barred as beyond the two-year statute of limitations in New Jersey, and the complaint was dismissed.  ECF No 3.  The Court granted Plaintiff a period of 45 days to file an application to reopen the complaint accompanied by a submission addressing the issue of equitable tolling.  Id.

Plaintiff submitted a letter on June 7, 2016 stating that he had been incapacitated due to post-traumatic stress disorder ("PTSD").  ECF No. 4.  The Court concluded that "this bald assertion, without more, is insufficient to trigger equitable tolling" and declined to reopen the case.  ECF No. 5 at 6.

On February 10, 2021, Plaintiff submitted a motion for reconsideration of the July 2016 order.  ECF No. 7.  He also submitted exhibits for consideration with his motion.  ECF No. 8.

II. STANDARD OF REVIEW

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

III. ANALYSIS

Local Rule 7.1 provides that motions to reconsider shall be filed within fourteen (14) days from the date of the entry of the order or judgment to be reconsidered unless otherwise provided by statute. See D.N.J. Loc. R. 7.1. The Court will deny the motion for reconsideration because it is untimely. The relevant order was entered on July 8, 2016. ECF No. 6. Petitioner had until July 22, 2016 to file a timely motion for reconsideration. D.N.J. Loc. R. 7.1. The motion is untimely even giving Plaintiff the benefit of Federal Rule of Civil Procedure 59(e)'s 28-day period to file a motion to alter or amend a judgment, as that would make Plaintiff's motion due August 5, 2016. Plaintiff's motion for reconsideration is four years too late.

Plaintiff would not be entitled to relief even if the Court were to interpret the motion as being filed under Rule 60(b)(2) based on the July 7, 2020 findings by the Veterans Benefit Administration, which were submitted with Plaintiff's motion.

ECF No. 7 at 3-5.  The VA concluded Plaintiff's "[e]valuation of posttraumatic stress disorder (PTSD), which is currently 50 percent disabling, is increased to 70 percent effective November 5, 2015."  Id. at 3.  The Court previously concluded that Plaintiff's claims accrued on February 13, 2011 and March 23, 2011.  Given New Jersey's two-year statute of limitations, the time to file a complaint on these claims would have expired by March 23, 2013 at the latest.  Plaintiff has only submitted evidence that he was incapacitated starting on November 5, 2015, after the statute of limitations expired.  There is nothing to support tolling the statute of limitations for the entire five-year period between March 23, 2011 and April 7, 2016.  The motion for reconsideration will be denied.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied.  An appropriate order will be entered.

Dated: May 7, 2021                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

4